**FILED**

APR 11 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Sylvester L. Monroe, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12 0558 |
| | ) | |
| District of Columbia *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is an inmate at the District of Columbia Jail seeking issuance of a writ of habeas corpus presumably under 28 U.S.C. § 2241. He claims that the District of Columbia's supervised release statute, D.C. Code § 24-403.01, violates the separation of powers doctrine. *See Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1210 (3rd Cir. 1983) (observing that "the doctrine of separation of powers is inferred from the fact that the legislative, executive, and judicial functions are described in three separate articles of the Constitution."). Plaintiff posits that the statute "gives the U.S. Parole Commission . . . the same power as is vested in the courts [and that] such usurpation of power is forbidden by the Constitution [because] the executive branch is not allowed to encroach on the authority of the judicial branch of the Federal Goverenment."[1] Pet. at 5.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue [a show cause] order . . ., unless it appears from the application that the

---

[1] In a separate handwritten portion of the form petition, petitioner claims that he was denied a timely parole revocation hearing but he identifies this claim only in the context of it having been the subject of a previously filed action. *See* Pet. at 3 ¶¶ 6-7. Petitioner has not listed that claim in the instant petition as a ground for relief, *see id.* at 5, and the Court has not considered it as such.



3

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Because the District's parole and supervised release statutes govern the execution of a judicially imposed sentence, several judges of this Court have determined that "[t]he Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Comm'n*, Civ. Action No. 06-2133 (CKK), 2007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007) (citing cases); *accord Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 251 (D.D.C. 2007) (Sullivan, J.); *Hammett v. U.S. Parole Comm'n*, Civ. Action No. 10-0442 (JDB), 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time."); *see also Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (Boasberg, J.) ("Proceedings pertaining to parole and supervised release are not part of a criminal prosecution [but] [r]ather . . . are separate administrative matters . . . . The [Commission], therefore, exercises no judicial function, and its decisions do not violate the separation of powers doctrine.") (citing cases).

The instant petition presents no grounds for departing from the foregoing decisions and therefore will be denied. A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge